*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 15-BG-1294

FILED 7/14/16
District of Columbia
Court of Appeals
*Julio Castillo*
Julio Castillo
Clerk of Court

IN RE DANIEL M. WEMHOFF, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 420233)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN 544-09)

(Submitted April 15, 2016                         Decided July 14, 2016)

Before FISHER and BECKWITH, *Associate Judges*, and NEWMAN, *Senior Judge*.

PER CURIAM:  Having found by clear and convincing evidence that respondent, Daniel M. Wemhoff, violated District of Columbia Rules of Professional Conduct 1.6 (a) (revealing a client confidence or secret without authorization or other justification), 3.4 (c) (knowingly disobeying an obligation under the rules of a tribunal), and 8.4 (d) (engaging in conduct that seriously interferes with the administration of justice), the Board on Professional Responsibility (the Board) recommended that respondent be suspended for thirty days, that the suspension be stayed, and that respondent be placed on probation for

one year, with the condition that he undergo an assessment by the D.C. Bar's Assistant Director for Practice Management Advisory Services (PMAS), or his designee, implement any recommendations the PMAS may make, and sign a limited waiver permitting the PMAS to confirm his compliance and cooperation with this process. The Board further recommended that, pursuant to Board Rule 18.1 (a), within thirty days of the date of a court order imposing probation, respondent should be required to accept the probation terms by filing a statement with the Board on a form prepared by the Board's Executive Attorney.[1] The Board found that respondent violated the District's Rules of Professional Conduct by disclosing client secrets in the course of withdrawing from a representation and failing to appear for a court-ordered status hearing.

Neither respondent nor Disciplinary Counsel—formerly Bar Counsel—filed an exception to the Board's recommendation. Pursuant to D.C. Bar R. XI, § 9

---

[1] The Board concluded that respondent should not be required to report his probation to current or new clients. *See* D.C. Bar R. XI, § 3 (a)(7). The Board did, however, indicate that if Disciplinary Counsel determines in accordance with Board Rule 18.3 that respondent has violated any term or condition of his probation, Disciplinary Counsel may file with the court a verified motion to show cause why the matter should not be referred to a Hearing Committee for an evidentiary hearing.

(h)(2), "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." Accordingly, it is

ORDERED that Daniel M. Wemhoff is suspended from the District of Columbia Bar for thirty days, that the suspension is hereby stayed, and that respondent will instead serve one year of probation subject to the terms and conditions imposed by the Board in its Report and Recommendation.

*So ordered.*